**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

DANT'E L. PARRISH BEY,

   Plaintiff,

   v.                                                                                 Civil Action No.:  PX-20-302

WARDEN RONALD WEBER,
CURRAN McKENZIE,
M. BUTLER, STAFF AT WCI,

   Defendants.

**MEMORANDUM OPINION**

Pending in this civil rights action is Defendants Warden Ronald Weber's and Lieutenant Curran McKenzie's Motion to Dismiss or for Summary Judgment in their favor. ECF No. 21. The Court has advised Plaintiff Dant'e L. Parrish Bey ("Parrish Bey"), currently an inmate confined at the Western Correctional Institution ("WCI"), of his right to respond to the motion. ECF No. 22. Parrish Bey has not filed any responsive pleading. The Court now rules, finding no hearing necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons Defendants' motion is granted.

**I.**   **Background**

Parrish Bey contends that prison staff have protected and favored inmates with gang affiliations while leaving the remaining inmates to "fend for [them]selves." ECF No. 1-1 at 1. He maintains that unnamed and unidentified "high ranking" officers at WCI "work with and for the gang members assuring movements and transfers and other discriminatory preferential treatments." ECF No. 1-1 at 3. According to Parrish Bey's sworn statement, he was the victim of an "unprovoked attack by a known gang hitman," that was made possible because correctional officers stationed in the area locked him into the lobby with his assailant, a fellow inmate. ECF

No. 1-1.  The attacker stabbed Parrish Bey in his face, head, and neck.  ECF No. 1 at 4.  Other prison staff, according to Parrish Bey, did not render assistance as retaliation for his having complained about the staff treating gang members favorably.  *Id*.

Contemporaneous reports corroborate that Parrish Bey had been in a fight with another inmate and sustained wounds consistent with having been stabbed.  Corrections officers recovered a makeshift knife.  ECF No. 21-3 at 10.  Parrish Bey's wounds required hospitalization for several days.  ECF No. 21-4 at 14-15.  Parrish Bey believes that while he was hospitalized, officers "intentionally lost and destroyed" his personal property including his television, fan, radio, clothes, shoes, and legal documents.  ECF No. 1-1 at 3.  Although Parrish Bey points to Officer Reyes as the responsible party, Reyes' inventory sheet does not reflect that Parrish Bey possessed many of the items of which he now contends went missing.  ECF No. 21-5 at 2.

Parrish Bey filed an administrative remedy procedure complaint ("ARP") regarding his missing property.  ECF No. 21-3 at 54-57.  The institution dismissed the ARP with instruction to refile with the relevant property inventory sheets.  *Id*. at 54.  Parrish Bey never refiled the ARP.  ECF No. 21-11.  Parrish Bey also filed an ARP in which he complained that he had been attacked because corrections officers had abandoned their posts and failed to protect him.  ECF No. 21-11 at 4.  But he later withdrew that ARP.  *Id*.  Although Parrish Bey does not specifically aver why he withdrew this ARP, he does generally contend that he has withdrawn ARPs pursuant to some undefined "agreement only to have the agreement breached."  ECF No 1-2 at 3.

Based on the fight, corrections officials charged Parrish Bey with two inmate rule violations -- engaging in a disruptive act and assault battery on an inmate.  ECF No. 21-3 at 65.  Parrish Bey entered into an agreement to plead guilty to the latter charge and receive a sanction of nine days' confinement in disciplinary segregation with no revocation of good conduct credits.

The remaining charge was dismissed. *Id.* at 64. Parrish Bey complains, however, that his attacker received a comparatively light sanction of sixty days for what Parrish Bey considers "attempted murder." ECF No. 1-1 at 3. After his administrative segregation ended, Parrish Bey had to be transferred to Jessup Correctional Institution ("JCI") for his safety. ECF No. 21-8 at 2; ECF No. 21-9, ¶ 3.

## II. Standard of Review

Defendants move to dismiss the Complaint for failing to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) or alternatively for summary judgment in their favor. In reviewing a Complaint for legal sufficiency, the Court accepts the well-pleaded allegations as true and most favorably to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).

Summary judgment is appropriate when the Court, viewing the evidence in the light most favorable to the non-moving party, finds no genuine disputed issue of material fact, entitling the movant to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008). "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine

issue for trial.'"  *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting former Fed. R. Civ. P. 56(e)).  "A mere scintilla of proof . . . will not suffice to prevent summary judgment."  *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003).

### III.    Discussion

Parrish Bey alleges that Defendants failed to protect him in violation of his Eighth Amendment right to be free from cruel and unusual punishment.  Relatedly, Parrish Bey avers that when he complained about the officers' dereliction of duty, they retaliated against him.  Last, he appears to challenge the taking of his personal property when he was placed in segregation.  Defendants urge the Court to dismiss the claims for failure to exhaust administrative remedies.  The Court agrees with Defendants.[1]

The Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e, requires that an inmate exhaust available remedies as a prerequisite to filing suit in federal court.  *See* 42 U.S.C. § 1997e(a).  Exhaustion under the PLRA compels the inmate to complete "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006).  This requirement is designed to ensure that the agency is given the opportunity to address all issues on the merits prior to the inmate filing suit in federal court.  *See Woodford*, 548 U.S. at 93.  Failure to exhaust may be excused where "defects in [administrative] exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

Parrish Bey was required to follow the Maryland Department of Public Safety and Correctional Services ("DPSCS") ARP procedure to exhaust his administrative remedies.  *See*

---

[1] The Court will not reach Defendants' alternative grounds for relief.

4

*generally* Md. Code Ann. (2008 Repl. Vol.), Corr. Servs. ("C.S."), §§ 10-201 *et seq.*; Md. Code Regs. ("COMAR") 12.07.01B(1) (defining ARP).  Under the ARP process, the inmate must first file an ARP with his facility's "managing official," defined as "the warden or other individual responsible for management of the correctional facility."  COMAR 12.02.28.02(D)(1); 12.02.28.02(B)(14).  The inmate must file the ARP within 30 days from the date of the incident or from the date he learns of the claimed wrongdoing, whichever is later.  COMAR 12.02.28.09(B).

If the managing official denies the ARP or fails to respond, the inmate must note his appeal to the Commissioner of Corrections within 30 days.  COMAR 12.02.28.14(B)(5).  If the Commissioner of Correction denies an appeal, the inmate may file a grievance with the Inmate Grievance Office (IGO).  COMAR 12.02.28.18; C.S. § 10-206(a); COMAR 12.07.01.05(B).  The grievance must include the initial ARP, the managing official's response, the appeal to Commissioner of Corrections, and the Commissioner's response.  COMAR 12.07.01.04(B)(9)(a).  If the grievance is determined to be "wholly lacking in merit on its face," the IGO may dismiss it without a hearing."  C.S. § 10-207(b)(1); *see also* COMAR 12.07.01.06(B).  An order of dismissal constitutes the final decision of the Secretary of DPSCS for purposes of judicial review.  C.S. § 10-207(b)(2)(ii).  If the IGO determines a hearing is warranted, it is conducted by an administrative law judge with the Maryland Office of Administrative Hearings.  *See* C.S. § 10-208; COMAR 12.07.01.07-.08. *See also* Md. Code Ann., State Gov't § 10-206(a)(1).

Against this administrative backdrop, Parrish Bey clearly failed to exhaust administrative remedies.  Indeed, he failed to refile the ARP related to his property and withdrew the other ARP that covers many, if not all, of the remaining claims before this Court.  ECF No. 21-11 at 4 (ARP Index Report).  Parrish Bey, for his part, does not dispute that he failed to pursue administrative remedies.  Further, Parrish Bey provides no facts from which the Court can infer that officials have

5

thwarted his ability to engage in such process. Generalized claims of broken promises between Parrish Bey and unidentified individuals does not excuse his requirement to exhaust administrative remedies. ECF No. 1-2 at 3. Accordingly, the claims must be dismissed for failure to exhaust, albeit without prejudice.[2]

**IV.     Conclusion**

The Court grants Defendants' motion to dismiss the Complaint without prejudice for failure to exhaust administrative remedies pursuant to the PLRA. A separate Order follows.

| 4/26/21 | /S/ |
|---|---|
| Date | Paula Xinis<br>United States District Judge |

---

[2] The Court also notes that only two Defendants, Weber and McKenzie, have been served. Nothing in the Complaint suggests that either participated in the incidents forming the basis of Parrish Bey's claims. Rather, the liability theory, at best, appears one of *respondeat superior*, which is not applicable to constitutional claims brought pursuant to 42 U.S.C. § 1983. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983). If Parrish Bey exhausts remedies and refiles his federal suit, he must cure this defect to proceed against Weber and McKenzie or risk dismissal with prejudice as to these Defendants.